IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUSTO TORRES GARCIA | * |
| Plaintiff | * |
| v. | *   Civil No. 04-1365(SEC) |
| COMMONWEALTH OF PUERTO RICO, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

Before the Court is Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections, Bayamón Institutions Annex Nos. 292 and 501, and various individuals affiliated with the Department of Corrections (Docket # 1). Essentially, Plaintiff claims that he was transferred from a minimum security unit to a maximum security unit in violation of prison rules. Plaintiff alleges that, as a result of being housed in a maximum security prison, he has been deprived of his right to participate in educational and work programs, exercise, and enjoy familial visits, all in violation of his constitutional rights.

On March 4, 2005 Defendants, the Commonwealth of Puerto Rico, the Corrections Administration of the Commonwealth of Puerto Rico, Miguel Pereira Castillo, Roberto Del Valle Navarro, and Rosanic Delgado Sevilla, filed a partial motion to dismiss (Docket # 16). The same was referred to Magistrate-Judge Aida Delgado-Colón for a Report and Recommendation (Docket # 18). On May 3, 2005 Magistrate-Judge Delgado-Colón issued her report, recommending that all of Plaintiff's claims be dismissed, with the exception of his due process claim[1] seeking injunctive relief against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections, Bayamón Institution Annex #292 and Bayamón

---

[1] Said claim arises from Plaintiff's transfer from a minimum security unit to a maximum security unit, allegedly in violation of Rule 22.

**Civil No. 04-1365(SEC)**                                                                                         2

Institution #501 (Docket # 25). Magistrate Delgado-Colón further recommended that the request for dismissal of Plaintiff's claims based on Eleventh Amendment immunity be granted with respect to monetary damages and retrospective injunctive relief and denied with respect to prospective injunctive relief. Neither party has objected to the Magistrate's report and the time allotted for doing so has expired.

**Standard of Review**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis and Conclusion**

Neither party has objected to the Magistrate Judge's Report and Recommendation,

**Civil No. 04-1365(SEC)**                                                                                                                3

thus we are not required by law to review it.  However, upon review, we find no fault with Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Consequently, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**; Plaintiff's claims will be **DISMISSED** with the exception of his due process claim seeking injunctive relief against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections, Bayamón Institution Annex #292 and Bayamón Institution #501. Partial Judgment shall be entered accordingly.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 23rd day of May, 2005.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        United States District Judge